FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 1 1 2009 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

CHRISTOPHER E. BROWN, individually and                    :      Civil Action No.:

On behalf of all others similarly situated and the        :      **09   2495**
general public,
                                                          :      CLASS ACTION
                                    Plaintiff,            :
                                                                 COMPLAINT FOR DAMAGES
vs.                                                       :      AND INJUNCTIVE RELIEF

PUBLIC STORAGE, a Maryland corporation,                   :      **JURY TRIAL DEMANDED**

                                    Defendant.            :

-------------------------------------------------------------x



IRIZARRY, J.
REYES, M.J

Plaintiff, CHRISTOPHER E. BROWN, individually and on behalf of all others similarly

situated, by and through his attorneys, Zraick, Nahas & Rich, Ku & Mussman, P.A., Kanner &

Whiteley, LLC, and Milstein, Adelman & Kreger, LLP, alleges the following based upon personal

knowledge as to his own acts and upon information and belief as to all other facts, as follows:

## NATURE OF THE ACTION

1.      Plaintiff, CHRISTOPHER E. BROWN ("Plaintiff"), individually and on behalf of

all others similarly situated ("Class"), allege against Public Storage, a Maryland corporation

("Defendant") violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et

seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; and the

New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rights § 40-c.

Plaintiff seeks injunctive relief, compensatory damages, statutory damages, and reasonable

attorneys' fees and costs on behalf of the Plaintiff and the putative Class who have patronized or

would like to patronize the facilities of Defendant.

## STATUTORY BACKGROUND

2.      On July 26, 1990, Congress enacted the ADA establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, and privileges of, and access to, places of public accommodation.

3.      Congress explicitly stated that among the purposes of the ADA were:

      (a)      To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

      (b)      To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

      (c)      To invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

4.      Pursuant to 42 U.S.C. § 12182 and 28 C.F.R. 36.201(a), no place of public accommodation  shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodation at that place of public accommodation.

5.      The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the Defendants have ten (10) or fewer employees and gross receipts of $500,000.00 or less). See 42 U.S.C. § 12181 and 28 C.F.R. 36.508(a).

6.     Despite an extended period of time in which to become compliant with the ADA, and despite the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people with disabilities, in ways that deny such people from equal access to and use of their facilities.

7.     The New York Human Rights Law ("NYSHRL"), N.Y. Executive Law § 290 et seq., prohibits discrimination on the basis of disability by the by owners "of any place of public accommodation".  N.Y. Exec. Law § 296.2(a).

8.     The "the scope of the disability discrimination provisions of New York Executive Law § 296.2(a) are similar to those of the Americans with Disabilities Act[.]" Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) and are appropriately pled together herein.

9.     Consequently, Defendant can be shown to be in violation of the NYSHRL by being in violation of the ADA.

10.     The New York Civil Rights Law ("NYSCRL") states in relevant part that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution [.]"  N.Y. Civ. Rights § 40-c(2).

## JURISDICTION AND VENUE

11.     This action primarily arises from violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. This court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  Additionally, the Court has jurisdiction with respect to the claims arising from the NYSHRL, pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

12.     Venue is proper within this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district.

## PARTIES

13.     Plaintiff, CHRISTOPHER E. BROWN, is a resident of the State of New York residing at 23-74 207th Street, City of Bayside, County of Queens, State of New York and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff suffers from Arthrogryposis, which causes him to be confined to a wheelchair.  The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.  Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.  Due to this condition, Plaintiff meets the statutory definition of "disabled" for the ADA, NYSHRL, and NYSCRL.  Plaintiff has visited Public Storage facilities within the State of New York, and has experienced discrimination at such locations as more fully set forth below.  Plaintiff intends to return to Public Storage for the dual purpose of availing himself of the goods and services offered to the public at such locations, and to ensure that those locations cease evading their responsibilities under federal and state law.  Pursuant to Federal Rules of Civil Procedure, Rules 23(a) and 23(b)(2) (or, in the alternative, 23(b)(3)), Plaintiff seeks to represent a statewide class of persons similarly situated.

14.     Defendant Public Storage, a Real Estate Investment Trust with its principal place of business located at 701 Western Avenue, Glendale, County of Los Angeles, State of California which at all times relevant to this litigation acted, or failed to act, by and through its officers, representatives, agents, workers and/or its employees.  Public Storage is registered to do business in the State of New York.  Upon information and belief, Public Storage has more than sixty facilities in New York.  Public Storage is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, as described in full below in Paragraphs 19-20.

## CLASS ALLEGATIONS

15.     Plaintiff brings this action and his claims under Rule 23(b)(2) of the Federal Rules of Civil Procedure, on his own behalf, as well as the following Class:

> All mobility impaired and/or wheelchair or electric scooter bound individuals who, beginning on June 10, 2006, were discriminated against in New York by Public Storage's failure to provide ready access and usability and/or failure to remove architectural boundaries or make alterations that comply with the ADA in its New York Public Storage facilities.

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

16.     The requirements for maintaining this action as a class action are satisfied, in that:

(a)     It is impracticable to bring all members of the Class before the Court. Plaintiff estimates there are hundreds if not thousands of Members of the Class throughout New York. Upon information and belief, census statistics demonstrate that there are over 130,000 non-institutionalized people sixteen years of age or older in New York that use wheelchairs or electric scooters. Attempting to join and name each Member of the Class as a co-Plaintiff would be unreasonable and impracticable, particularly given the geographic diversity of the class.

(b)     The prosecution of separate actions by individual members of the Class or individual joinder of all members of the Class in this action is impracticable and would create a massive and unnecessary burden on resources of the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of

each member of the Class.

(c)    Because of the disparity of resources available to individual members of the Class, prosecution of separate actions would work a financial hardship on many members of the Class and it is unlikely that these claims will be prosecuted unless brought in the aggregate.

(d)    The conduct of this action as a class action conserves the resources of the parties and the court system, and protects the rights of each member of the Class, and meets all due process requirements as to fairness to the Defendant. The conduct of the class action is also far superior to individual claims, all arising out of the same circumstances and course of unlawful conduct.

(e)    The claims or defenses of the representative Plaintiff are typical of the claims or defenses of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of Defendant's conduct or omissions in violation of federal and state law as complained of herein. Plaintiff, like all other members of the Class, claims that the Defendant has violated the ADA by failing to make their stores accessible to individuals with disabilities and by excluding the Plaintiff and other similarly situated persons from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendant's facilities, and thereby subjecting the Plaintiff and the Class to discrimination.

(f)    The Plaintiff will fairly and adequately protect the interests of the Class.

The Members of the Class' interests are consistent with, and not antagonistic to, those of Plaintiff. The Class Members do not have an interest in individually controlling the prosecution or defense of separate actions.

(g)     Plaintiff also seeks all legally available damages.

(h)     Furthermore, Plaintiff is represented by experienced class action counsel.

(i)     Upon certification, notices can be efficiently and effectively accomplished. Notice can be sent to members of the Class by mail, email, publication in newspapers and periodicals, or other means authorized by the Court.

17.     Final injunctive and/or declaratory relief is appropriate under Rule 23(b)(2) respecting the Class because Defendant has acted or refused to act on grounds that apply generally to the Class. Further, certifying a class under Rule 23(b)(2) is appropriate because the positive weight or value to the Plaintiff and Class members of the injunctive or declaratory relief sought is predominant even though monetary damages are also claimed. Also, class treatment would be efficient and manageable, thereby achieving an appreciable measure of judicial economy.

18.     Alternatively, Rule 23(b)(3) is satisfied in that there are questions of law and fact common to the Class, which are substantially similar and predominate over the questions affecting the individual members of the Class. Among these common questions of law and fact are:

(a)     Whether Defendant's New York facilities are "public accommodations" under the ADA;

(b)     Whether Defendant's New York locations deny the full and equal enjoyment of their goods, services, programs, facilities, privileges, advantages, or accommodations, and full and equal access to their facilities

to individuals with disabilities in violation of ADA;

(c)     Whether the Defendant provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(d)     Whether the Defendant has made reasonable modifications in policies, practices, and procedures in its  when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

(e)     Whether the Defendant failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(f)     Whether the Defendant has failed to remove architectural and communication barriers in existing stores, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(g)     Whether the Defendant has the resources available to correct violations of the ADA;

(h)     Whether violations of the ADA also constitute per se violations of the NYSHRL;

(i)     Whether the Defendant has violation and/or continues to violate the

NYSHRL by denying equal access to disabled persons of public accomodation;

(j)     Whether the NYSHRL provides for a private right of action;

(k)     Whether the NYSHRL provides for injunctive relief; and

(l)     Whether the NYSHRL provides for minimum deterrence damages.

## FACILITIES OPERATED/OWNED BY DEFENDANT PUBLIC STORAGE

19.     Plaintiff visited the Defendant's facilities located at 275 Veterans Road W, Staten Island, NY 10309; 5252 Jericho Turnpike, Commack, NY 11725; 1107 Goethals Road, Staten Island, NY 10303; and 601 W Sunrise Highway, Pachogue, NY 11772 in early 2007 and has personally encountered barriers to equal access at these facilities.  Plaintiff continues to desire to use the goods and services at one or more of Defendant's facilities, but continues to experience serious difficulty due to the barriers discussed in Paragraph 19 below which still exist.  Plaintiff plans to and will visit the facilities in the near future to utilize the goods and services offered thereon.

20.     Defendant is in violation of 42 U.S.C. § 12181, et seq. and 28 C.F.R. § 36.302, et seq. and is discriminating against the Plaintiff and the Class due to Defendant's failure to provide and/or correct inter alia, the following:

(a)     Inaccessible parking;

(b)     Inaccessible route to entrance;

(c)     Inaccessible service counters;

(d)     Inaccessible entrance due to high keypad;

(e)     Inaccessible ramps;

    (f)     Inaccessible signage throughout the facility;

    (g)     Inaccessible storage units due to lip at entrance;

    (i)     Inaccessible restrooms; and

    (j)     Inaccessible amenities throughout the facility.

21.    The discriminatory violations described in Paragraph 20 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to further photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

22.    Upon information and belief, as a result of Defendant's common corporate policy and/or designs, there are additional barriers to equal access in violation of the ADA at all other New York facilities owned by Defendant.

## FIRST COUNT

## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

## (42 U.S.C. § 12181, et seq.)

23.    Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

24.    Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, Defendant owns and/or operates places of public accommodation, Public Storage, comprising of various facilities which provide storage units and storage supplies for rent and/or purchase. All of Defendant's facilities are public accommodation and are covered by the ADA.

25.    The ADA defines illegal discrimination to include, in pertinent part:

    (a)     Failure to remove architectural barriers . . . that are structural in nature, in

Existing facilities . . . where such removal is readily achievable;

(b)     With respect to a facility or part thereof that is altered . . . in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path or travel to the altered area . . .[is] readily accessible to and usable by individuals with disabilities where such alterations to the path or travel . . . are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General); and

(c)     failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities.

42 U.S.C.A. § 12182(b)(2)(A)(iv); 42 U.S.C.A. § 12183(a)(1)-(2).

26.     Defendant has been and continues to be required to remove architectural barriers to the physically disabled where such removal is readily achievable for its places of public accommodation in New York that have existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to any of Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and, finally, if any of the Defendant's facilities are one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then such facilities must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

27.     Appendix A to Part 36- Standards for Accessible Design (28 C.F.R. pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied

during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal agencies, including the Department of Justice, under the ADA.

28.   Defendant has discriminated and is discriminating against Plaintiff and the Class in violation of the ADA by failing to have accessible facilities in New York by January 26, 1992.

29   Defendant continues to discriminate against the Plaintiff and the Class, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied goods and services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

31.   Removal of the barriers to access located on the facility is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

32.   Removal of the barriers to access located on the facility would allow Plaintiff to fully utilize the goods and services located therein.

33.   Plaintiff intends to and will return to utilize the goods and services that Public Storage offers, however he fears that he will encounter the same or similar barriers to access and discrimination upon his return.

34.   Independent of his intent to return as a patron to the Defendant's facilities, Plaintiff

additionally intends to return to the Defendant's facilities as an ADA tester to determine whether the barriers to access stated herein have been remedied.

35.     The discriminatory features of Defendant's facilities are generally known to the individual plaintiff and others similarly situated, who are discouraged from patronizing Defendant's Public Storage locations. Many either avoid those facilities because they are aware of the discriminatory barriers they will encounter there, or attend the facilities with knowledge that their access to those facilities would be limited by virtue of Defendant's persistent and pervasive violations of the ADA in allowing discriminatory barrier to remain at its facilities which prohibit or limit access to the Class.

36.     Plaintiff and others similarly situated were injured by the discrimination they encountered at Defendant's facilities and/or continue to be injured by their inability to patronize Defendant's facilities. They have also been injured by the stigma of Defendant's discrimination.

37.     Plaintiff's injuries are traceable to Defendant's discriminatory conduct, policies, or lack of policies alleged herein and will be redressed by the relief requested. Plaintiff and others similarly situated have been injured and will continue to be injured by Defendant's failure to comply with the ADA and Defendant's continued acts of discrimination.

38.     Notice to the Defendant is not required as a result of the Defendant's failure to cure the violations of January 26, 1992. All other conditions precedent have been met by Plaintiff or waived by Defendants.

39.     Plaintiff is without adequate remedy at law and are suffering irreparable harm.

40.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant to Plaintiff and the Class the requested injunctive relief, including an Order to alter the Defendant's facilities to make those facilities readily accessible to Plaintiff and the Class as defined by the ADA.

41.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. Plaintiff is entitled to have his attorneys fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

## SECOND COUNT

### VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

### (N.Y. Exec. Law § 290 et seq.)

42.     Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

43.     Defendant operates business establishments dealing with goods and/or services within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law § 290 et seq.

44.     The conduct alleged herein violates the ADA.

45.     The conduct alleged herein violates the NYSHRL.

46.     The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any . . . owner . . . of any place of public accommodation, . . .because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law § 296(2)(a).

47.     The Defendant has violated the NYSHRL by, *inter alia*, denying Plaintiff and members of the Class, as persons with disabilities, some of the accommodations, advantages, facilities or privileges offered by Defendant, by refusing to make reasonable modifications to accommodate disabled persons.

48.     In doing the acts and/or omission alleged herein, Defendant wrongfully and unlawfully denied access to their facilities to individuals with disabilities.

49.     The Defendant has further violated the NYSHRL by being in violation of the rights provided under the ADA.

50.     Plaintiff visited Defendant Public Storage in early 2007 and encountered architectural barriers as described in Paragraph 20.

51.     By maintaining architectural barriers and policies that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff and the Class, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by Public Storage.   As the NYSHRL incorporates violations of the ADA, the "intent" of the Defendant in not complying with barrier removal is not an issue.   Hence the failure on the part of Defendant, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendant.

52.     Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above.

53.     Plaintiff, on behalf of himself and the Class pray for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).


**THIRD COUNT**

**VIOLATION OF NEW YORK'S CIVIL RIGHTS LAW § 40-c**

**(N.Y. Civ. Rights §§ 40-c and 40-d)**

54.     Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

55.     As owner and/or operator of retail stores in New York, Defendant operates places of public accommodation within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights § 40 et seq.

56.     The conduct alleged herein violates the NYSCRL.

57.     Plaintiff has complied with the notice requirements of N.Y. Civ. Rights § 40-d as notice of this action was served upon the attorney general prior to initiating suit (*see* Exhibit A attached herein).

58.     Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

59.     The Defendant has violated the NYSCRL § 40-c by, *inter alia*, by subjecting Plaintiff and members of the Class, as persons with disabilities, to discrimination in his civil rights.

60.     The Defendant has further violated the NYSCRL by being in violation of the rights provided under the ADA.

61.     This has resulted in a cognizable injury to Plaintiff.

62.     Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above.

63.     Plaintiff, on behalf of himself and the Class prays for judgment pursuant to N.Y. Civ. Rights § 40-d, including minimum statutory damages, and all other relief allowed by law.

## REQUEST FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

(a)     Certifying the case as a class action, and designating Plaintiff as representative of the Class and his counsel of record as Class Counsel;

(b)     Declaring that the property owned, leased, and/or operated by Defendant is in violation of the ADA;

(c)     Directing Defendant to alter the facility and make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA, the NYSHRL and NYSCRL;

(d)     Directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

(e)     Awarding compensatory and statutory damages pursuant to N.Y. Exec. Law § 297(9);

(f)     Awarding statutory damages pursuant to N.Y. Civ. Rights § 40-d;

(g)     Awarding reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

(h)     Awarding such other and further relief as it deems necessary, just and proper.

DATE: June 11, 2009

Respectfully Submitted,

ZRAICK, NAHAS & RICH

By:

Stuart E. Nahas, Esq. (SEN-8206)
303 Fifth Avenue
New York, New York 10016
Tel: (212) 686-0855
Fax: (212) 779-9548
stunahas@znrlaw.com

KU & MUSSMAN, P.A.
Brian Ku (FL Bar # 610461)
Louis Mussman (FL Bar #597155)
11098 Biscayne Blvd., Suite 301
Miami, Florida 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

KANNER & WHITELEY, LLC
Allan Kanner (LA Bar #20580)
Conlee S. Whiteley (LA Bar #22678)
M. Ryan Casey (LA Bar #30192)
701 Camp Street
New Orleans, Louisiana 70130
Tel: (504) 524 -5777
Fax: (504) 524 -5763
c.whiteley@kanner-law.com

MILSTEIN, ADELMAN & KREGER, LLP
Wayne S. Kreger (CA Bar #154759)
Gillian L. Wade, Esq. (CA Bar #229124)
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Tel: (310) 396-9600
Fax: (310) 396-9634
wkreger@maklawyers.com

**ATTORNEYS FOR PLAINTIFF**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issue so triable.

DATE: June 11, 2009

Respectfully Submitted,
ZRAICK, NAHAS & RICH

By: _____
Stuart E. Nahas, Esq. (SEN-8206)
303 Fifth Avenue
New York, New York 10016
Tel: (212) 686-0855
Fax: (212) 779-9548
stunahas@znrlaw.com

KU & MUSSMAN, P.A.
Brian Ku (FL Bar # 610461)
Louis Mussman (FL Bar #597155)
11098 Biscayne Blvd., Suite 301
Miami, Florida 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

KANNER & WHITELEY, LLC
Allan Kanner (LA Bar #20580)
Conlee S. Whiteley (LA Bar #22678)
M. Ryan Casey (LA Bar #30192)
701 Camp Street
New Orleans, Louisiana  70130
Tel: (504) 524 -5777
Fax: (504) 524 -5763
c.whiteley@kanner-law.com

MILSTEIN, ADELMAN & KREGER, LLP
Wayne S. Kreger (CA Bar #154759)
Gillian L. Wade, Esq. (CA Bar #229124)
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Tel: (310) 396-9600
Fax: (310) 396-9634
wkreger@maklawyers.com

**ATTORNEYS FOR PLAINTIFF**

LAW OFFICES OF

# ZRAICK, NAHAS & RICH

303 FIFTH AVENUE
NEW YORK, NEW YORK 10016
Telephone:  (212) 686-0855
Facsimile  (212) 779-9548
EMAIL: STUNAHAS@ZNRLAW.COM

200 MAIN STREET
FORT LEE, NEW JERSEY 07024
Telephone: (201) 947-1101

Respond to: NY Office

EDWARD A. ZRAICK (1940-1996)

EDMUND A. NAHAS
ROBERT PAUL RICH
STUART E. NAHAS *
* Also admitted in NJ, PA and CA

June 5, 2009

Via Certified Mail     7008 1830 0000 5811 1629
Return Receipt Requested

Andrew Cuomo
Office of the Attorney General
Civil Rights Bureau
120 Broadway
New York, New York 10271

> **Re:** **Brown v. Public Storage**
> **Notice of Filing Action Against Public Storage**
> **Our File No.: 2009-91**

Dear Mr. Cuomo:

The undersigned, along with the Law Offices of Ku & Mussman, P.A., Kanner & Whiteley, LLC, and Milstein, Adelman & Kreger, LLP represents Christopher E. Brown.

Mr. Brown is a disabled individual who suffers from Arthrogryposis and requires a wheelchair for mobility.  This letter shall serve as notice that Mr. Brown is filing an action against Public Storage for violations of N.Y. Civ. Rights §40 in addition to federal ADA claims.  We will be seeking injunctive relief, statutory damages and an award of attorneys' fees in this action.

If your office should have any questions, please contact either the undersigned at the address above or Brian T. Ku, Esq. , Ku & Mussman, P.A. 11098 Biscayne Blvd., Suite 301, Miami, Florida 33161, telephone number (305) 891-1322.

Thank you for your attention in this matter.

Very truly yours,
ZRAICK, NAHAS & RICH

Stuart E. Nahas